UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JOHN M.,

                              Plaintiff,           <u>DECISION AND ORDER</u>
                                                              1:24-cv-05305-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In April of 2019, the Commissioner of Social Security determined that Plaintiff John M.[1] was no longer entitled to receive Disability Insurance Benefits under the Social Security Act. Plaintiff, represented by Roth Law Group, PLLC, Warren Jeffrey Roth, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on May 15, 2025. Presently pending is Plaintiff's motion requesting remand for further administrative proceedings. (Docket No. 18). For the following reasons,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff's motion is due to be granted, and this matter is remanded for further proceedings.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff initially applied for benefits on August 9, 2013, alleging disability beginning December 31, 2011. (T at 70).[2]  The application was denied initially and on reconsideration.  (T at 70).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On November 19, 2014, ALJ Robert Gonzalez determined Plaintiff was disabled within the meaning of the Social Security Act as of March 5, 2014, and was therefore entitled to Disability Insurance Benefits. (T at 66-79).

On April 24, 2019, the Commissioner concluded that Plaintiff's disability ended on April 29, 2019 (the "cessation date") and that Plaintiff was therefore no longer entitled to benefits. (T at 108, 124-29).  This determination was sustained on reconsideration and Plaintiff requested a hearing before an ALJ. (T at 108).

A hearing was held on May 19, 2022, before ALJ Michael Stacchini. (T at 372-98). Plaintiff appeared with an attorney and testified. (T at 378-

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

93). The ALJ also received testimony from Linda Vause, a vocational expert. (T at 394-96).

On May 27, 2022, ALJ Stacchini issued a decision finding that Plaintiff's disability ended on the cessation date and that he had not become disabled again since that date. (T at 105-22).

On June 12, 2023, the Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings. (T at 105-22).

A second hearing was held before ALJ Stacchini on September 19, 2023. (T at 26-54). Plaintiff appeared with an attorney and testified. (T at 32-50). The ALJ also received testimony from Andrew Vaughn, a vocational expert. (T at 50-53).

B.    *ALJ's Decision*

On November 8, 2023, ALJ Stacchini issued a decision once again concluding that Plaintiff's disability ended on the cessation date. (T at 7-25).  ALJ Stacchini found that the most recent favorable medical decision finding Plaintiff disabled was ALJ Gonzalez's decision dated November 19, 2014, establishing that decision as the comparison point decision ("CPD"). (T at 12).

The ALJ concluded that, as of the date of the CPD, Plaintiff had the following medically determinable impairments: status-post kidney

3

transplant, IGA nephropathy, sleep apnea, anemia, and right shoulder derangement. (T at 12).  The ALJ found that although Plaintiff engaged in substantial gainful activity in 2022, there were continuous 12-month periods during which Plaintiff did not engage in substantial gainful activity. (T at 12-13).

The ALJ determined that since April 29, 2019 (the "cessation date"), Plaintiff's hypertension and obesity were severe impairments within the meaning of the Social Security Act. (T at 13).

However, the ALJ found that, since the cessation date, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

The ALJ then determined that medical improvement occurred on the cessation date. (T at 13). The ALJ found that since the cessation date, Plaintiff has retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he should avoid unprotected heights, hazardous machinery, and restraining third parties. (T at 14).

The ALJ concluded that, since the cessation date, Plaintiff has not been able to perform his past relevant work as a police officer. (T at 17-20).

However, considering Plaintiff's age (closely approaching advanced age as of the cessation date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform as of the cessation date. (T at 18).  As such, the ALJ found that Plaintiff's disability ended on the cessation date and that he had not become disabled again since that date. (T at 19).

On May 14, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ Stacchini's second decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on July 13, 2024. (Docket No. 1).  On December 11, 2024, Plaintiff filed a motion requesting remand for further administrative proceedings. (Docket No. 18).  The Commissioner interposed a brief in opposition to the motion on November 21, 2025. (Docket No. 19).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec*., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

The foregoing framework applies to judicial review of a decision by the Commissioner to terminate benefits previously awarded to a claimant. *See, e.g., Rosario v. Comm'r of Soc. Sec.*, No. 20-CV-6558 (BCM), 2022 WL 992889, at *10 (S.D.N.Y. Apr. 1, 2022); *McColl v. Saul*, 2019 WL 4727449, at *6 (E.D.N.Y. Sept. 27, 2019).

A claimant who has been awarded disability benefits may thereafter be determined to be no longer disabled if substantial evidence of "medical improvement" supports the conclusion that the claimant can work. *See* 42 U.S.C. § 423(f)(1); *See Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Hathaway v. Berryhill*, 687 F. App'x 81, 83 (2d Cir. 2017) (summary order) ("[Where] the individual's condition has 'improve[d] to the point where he or she is able to engage in substantial activity' ... benefits are no longer justified, and may be terminated ….")(citing *De Leon v. Sec'y of Health & Human Servs.*, 734 F.2d 930, 937 (2d Cir. 1984)).

The burden of proof to establish that a plaintiff has experienced a medical improvement supporting a termination of benefits lies with the Commissioner." *McColl*, 2019 WL 4727449, at *15 & n.13 (collecting cases).

B.    *Sequential Evaluation Process*

"Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he or she was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i).

To determine whether medical improvement has occurred, "the Commissioner compares 'the current medical severity of the impairment ... to the medical severity of that impairment at the time' of the most recent favorable medical decision." *Veino*, 312 F.3d at 586-87 (quoting 20 C.F.R. § 404.1594(b)(7) (alteration in original)). The time of the most recent decision finding the claimant is disabled is considered the "comparison point decision" ("CPD").

With respect to claimants receiving disability insurance benefits, the medical improvement determination involves an eight-step procedure. *See Abrams v. Astrue*, No. 06 Civ. 0689 (JTC), 2008 WL 4239996, at *2 (W.D.N.Y. Sept. 11, 2008) ("The Commissioner has the burden of persuasion to demonstrate medical improvement, in accordance with the eight-step sequential evaluation process set forth in the regulations") (citations omitted)).

First, the ALJ asks whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If not, the ALJ considers whether the claimant has an impairment that meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant has such an impairment, then disability will be found to continue. *See id*. §§ 404.1594(f)(2), 416.994(b)(5)(i).

If the claimant does not suffer from a Listing-level impairment, then Step Three requires the ALJ to determine whether there has been medical improvement as defined by the Regulations. *See id*. §§ 404.1594(f)(3), 416.994(b)(5)(ii).

If there has been medical improvement, then Step Four requires the ALJ to determine whether the improvement is related to the claimant's ability to do work, *i.e.*, whether there has been an increase in the claimant's RFC, based on the impairment that was present at the CPD. *See id*. §§ 404.1594(f)(4), 416.994(b)(5)(iii). If the ALJ finds that the improvement was unrelated to the claimant's ability to work, then Step Five asks the ALJ to consider whether any exceptions apply. *See id*. §§ 404.1594(f)(5), 416.994(b)(5)(iv).

If medical improvement related to the ability to work is shown, then Step Six considers whether all of a claimant's current impairments in

combination should be considered severe, *i.e.*, whether all impairments in combination significantly limit the claimant's ability to do basic work activities. *See id.* §§ 404.1594(f)(6), 416.994(b)(5)(v).

If the impairments are found to be severe, then Step Seven requires the ALJ to determine the claimant's residual functional capacity ("RFC") and decide whether the claimant retains the RFC to perform his or her past relevant work. *See id.* §§ 404.1594(f)(7), 416.994(b)(5)(vi).

Finally, if the claimant is unable to perform his or her past relevant work, the ALJ determines whether the claimant can perform "any other work" that exists in significant numbers in the national economy, considering claimant's age, education, past work experience, and RFC. *See id.* §§ 404.1594(f)(8), 416.994(b)(5)(vii). If a claimant can perform such work, then disability will be deemed to have ended. *Id.*

## III. DISCUSSION

Plaintiff argues that the ALJ applied the wrong age category when finding that work existed in significant numbers in the national economy that he could perform as of the cessation date.

As noted above, the ALJ found that since the cessation date (April 29, 2019), Plaintiff retained the RFC to perform light work, so long as he

avoids unprotected heights and hazardous machinery and is not required to restrain third parties. (T at 14).

Plaintiff does not substantively challenge the RFC determination,[3] but contends that the ALJ did not apply the correct age category when he concluded, at step five of the sequential evaluation, that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform as of the cessation date. (T at 18).

In determining whether a claimant is (or remains) entitled to benefits, the ALJ considers, *inter alia*, the claimant's age.  The applicable regulations recognize the following age categories: "younger person" (under age 50), "person closely approaching advanced age" (50–54), and "person of advanced age" (55 or older). *See* 20 C.F.R § 404.1563.

ALJs are instructed not to apply "the age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b).  If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the

---

[3] To the extent Plaintiff's conclusory statements are arguably intended to challenge the RFC determination, the Court would find any such challenge unavailing.  The ALJ's assessment of Plaintiff's RFC is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence, including the opinions of the State Agency review physician and consultative examiner. (T at 16-17, 93-94, 695).

claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors ….." *Id.*

If a claimant's age is "borderline" and the ALJ does not consider whether the higher age category should be applied, remand is warranted if using a higher age category would entitle the claimant to benefits. *Woods v. Colvin*, 218 F. Supp. 3d 204, 207 (W.D.N.Y. 2016).

Here, the ALJ considered that Plaintiff was almost 50 years old as of the cessation date and applied the higher age category ("closely approaching advanced age"). (T at 18).

The ALJ noted that if Plaintiff retained the RFC to perform the full range of light work, a finding of "not disabled" would be directed by Rule 202.14 of the Medical-Vocational Rules (the "Grids"), the higher age category notwithstanding. (T at 18).

However, because the ALJ found that Plaintiff could not perform the full range of light work, he obtained the testimony of a vocational expert. (T at 50-53). *See Hart v. Astrue,* 32 F. Supp. 3d 227, 236 (N.D.N.Y. 2012)("If a claimant's work capacity is significantly diminished by non-exertional impairments beyond that caused by his or her exertional impairment(s), then the use of the Grids may be an inappropriate method of determining a claimant's residual functional capacity and the ALJ may be required to

consult a vocational expert.")(citing *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996); *Bapp v. Bowen*, 802 F.2d 601, 604–605 (2d Cir.1986)).

The ALJ relied on the vocational expert's testimony to reach the conclusion that, as of the cessation date, Plaintiff could perform work that existed in significant numbers in the national economy. (T at 18-19).

The Court finds a remand is required because of an ambiguity in the vocational expert's testimony.  The ALJ asked the vocational expert whether a hypothetical claimant of Plaintiff's "age, education, and work experience," with limitations consistent with the RFC determination, could perform any work that existed in significant numbers in the national economy. (T at 51-52).  The vocational expert identified three representative occupations that such a claimant could perform. (T at 52).

Notably, however, the ALJ did not specify the age of the hypothetical claimant in his question to the vocational expert and it is unclear from the record whether the expert based his opinion on an individual of the age Plaintiff was on the cessation date (48) or the age Plaintiff was when the administrative hearing was held (52, turning 53 in three weeks).

In other words, although the ALJ found the closing approaching advanced age (50-54) category applicable, it is not clear which age category the vocational expert applied when rendering his opinion.

Because the ALJ based his decision to terminate benefits on the vocational expert's testimony, this error requires remand. *See Abdulsalam v. Comm'r of Soc. Sec.*, No. 5:12-cv-1631 (MAD), 2014 WL 420465, at *10 (N.D.N.Y. Feb. 4, 2014)("If hypothetical questions do not include all of a claimant's impairments, limitations and restrictions, or are otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion that the claimant is not disabled.").[4]

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

---

[4] Plaintiff's counsel also argues that a decision affirming the termination of benefits would impose an undue and unjust hardship upon Plaintiff - a hero of the 9/11 terrorist attacks - by requiring him to repay benefits paid since the cessation date.  This argument is unsupported by any caselaw and appears to be an appeal to sympathy, which is insufficient to justify judicial relief, however sympathetic the situation may be. *See Vincent v. Shalala*, 830 F. Supp. 126, 129 (N.D.N.Y. 1993)(recognizing that "the temptation to blur the distinction between individual need and statutory eligibility is strong; but our authority as judges often fails to match our sympathy for our fellow human beings")(citation omitted). However, it is not necessary to reach the merits of this argument, as this Court finds a remand necessary for the reasons set forth above.

*Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court, therefore, finds a remand for further administrative proceedings to be required for the reasons set forth above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion requesting remand for further administrative proceedings (Docket No. 18) is GRANTED and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order.

Dated: May 31, 2025                        s / Gary R. Jones
                                           GARY R. JONES
                                           United States Magistrate Judge